

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00312-CR

___

DONNIE R. CLAYTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 68,723-C, Honorable Ana Estevez, Presiding

___

November 4, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Donnie R. Clayton, appeals his conviction by a jury for the offense of possession of a controlled substance, cocaine, in an amount of one gram or more, but less than four grams,[1] enhanced by the proof of two previous felony convictions.[2] The jury assessed appellant's sentence at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for sixty years. Through his appeal,

___

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

[2] See TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).

appellant contends that he received ineffective assistance of counsel at the guilt-innocence and punishment stages of the trial proceeding. Disagreeing with appellant, we will affirm the judgment entered by the trial court.

Factual and Procedural Background

On March 13, 2014, appellant was checked into the Townhouse Motel in Amarillo. Appellant had been driven to the motel by his mother, Verbie Parker. In route to the motel, Parker went to another motel and picked up Kristi Rayburn. Parker registered appellant into the room and paid for it. While Parker was completing the registration process, appellant and Rayburn proceeded to the room. Upon finishing the registration, Parker went to the room and advised appellant she would pick him up about 11:00 the next morning and gave appellant a few dollars for spending money.

Sometime later that same day, Parker telephoned the Amarillo Police Department and advised someone with the police department that appellant was in room 23 at the Townhouse Motel. Parker knew that appellant had an outstanding warrant for his arrest and called the police because she was tired of having to rent motel rooms for appellant.

Around 6:00 p.m., two Amarillo police officers were dispatched to room 23 of the Townhouse Motel to arrest appellant on the outstanding warrant. Prior to going to room 23, Officer Kaleb McCarrell verified the existence of an outstanding warrant for appellant's arrest and viewed appellant's photograph on his car's computer. Corporal Cole Thurman knocked on the door of room 23 and, after a short pause, appellant answered the door. When appellant answered the door, he was nude and holding what

2

appeared to be a crack cocaine pipe in his hand. The officers asked appellant to step back into the room and appellant complied by sitting on one of the two beds in the room. There was no one else in the room. The officers noticed several rocks of what they suspected to be crack cocaine on the bed where appellant was sitting and on the nightstand between the two beds.

At trial, the officers testified that it was their belief that the person answering the door at room 23 was appellant. This belief was based on McCarrell's observations of appellant's photograph and having seen certain distinctive tattoos on the photograph. They testified that the tattoos were visible when appellant answered the door. Appellant was placed under arrest and, because he complained of medical problems, was transported to the hospital to be examined prior to booking. Officer McCarrell collected the evidence at the scene and took photographs depicting what was observed.

During the trial, appellant stipulated to the authenticity and admissibility of a Certificate of Analysis and Chain of Custody Affidavit submitted by the forensic scientist who analyzed the drugs. The analysis showed that the drugs weighed 1.70 grams and contained cocaine.

The appellant did not testify at the trial. However, Parker, called by appellant, testified that she is the one who rented the room. Further, Parker testified that, after she paid for the room at the motel desk, she went to the room and observed Rayburn sitting on one of the beds. Parker gave appellant five or ten dollars and left. Parker was asked if appellant had any other money that day and stated he did not.

Appellant's trial counsel pursued the theory that the cocaine belonged to Rayburn. To buttress this point, the cross-examination of the officers seems to focus on the fact that an ash tray, or coffee cup used as an ash tray, contained several cigarettes in it. Appellant had no cigarettes on him and, according to Parker, does not smoke.

During final arguments, trial counsel continued to focus on the fact that Rayburn was the purchaser of the cocaine. Specifically, the cocaine in question, according to one of the officers, would have cost approximately $340. Appellant did not have any money on him other than what his mother gave him.

After final arguments, the jury returned a verdict of guilty and the trial proceeded to the punishment phase. During the State's punishment case, the State proved up the two felony convictions alleged in the enhancement portion of the indictment. The State called Officer James Peeples of the Amarillo Police Department as a fingerprint examiner to link appellant to the two convictions. Peeples testified as to his experience and training in the area of comparing known to unknown fingerprints. Peeples was proffered to the trial court as a fingerprint expert.

In addition to the two prior felony convictions alleged in the enhancement portion of the indictment, the State provided evidence that appellant had a total of twenty-one prior convictions. Some were felony convictions and some were misdemeanor convictions. Further, the State provided evidence that appellant was on parole at the time of the instant offense.

Appellant's trial counsel offered no witnesses during the punishment portion of the trial. Rather, counsel focused on cross-examination of the State's witnesses.

After final arguments on the issue of punishment, the jury returned a sentence of sixty years in the ID-TDCJ. Following the trial, appellant filed a motion for new trial. However, the motion for new trial did not contain any allegations regarding ineffective assistance of counsel and was overruled by operation of law.

This appeal followed the overruling of the motion for new trial by operation of law. Appellant presents two issues, each of which contain allegations of ineffective assistance of counsel. The first issue contends that trial counsel provided ineffective assistance of counsel during the guilt-innocence phase of the trial. The second issue contends that trial counsel provided ineffective assistance of counsel during the punishment phase of the trial. For the reasons hereinafter set forth, we overrule both of appellant's issues.

Standard of Review and Applicable Law

The United States Constitution's guarantee of the right to counsel encompasses the right to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts apply the two-pronged test enunciated in *Strickland*. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc). Judicial review of an ineffective assistance of counsel claim must be highly deferential, and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. An appellant claiming ineffective assistance of counsel bears the burden of

proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the appellant. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to make the required showing of either deficient performance or sufficient prejudice is fatal to an ineffectiveness claim. *See id.*

"The 'right to effective assistance of counsel merely ensures the right to reasonably effective [not perfect] assistance.'" *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (quoting, with alteration, *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (en banc)). This right does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. *Ingham*, 679 S.W.2d at 509. "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Robertson*, 187 S.W.3d at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (en banc)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id.* The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Id.* (citing *Strickland*, 466 U.S. at 690). Additionally, claims of ineffective assistance of counsel must be firmly rooted in the record and the record must affirmatively demonstrate the meritorious nature of the claim. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

6

## Guilt-Innocence Phase

By his first issue, appellant complains about two parts of trial counsel's representation during the guilt-innocence phase of the trial. First, appellant seems to contend that trial counsel fell below the standards of adequate representation when they did not contest the police officers' initial entry into appellant's motel room. According to appellant, the officers forced their way into the room without a warrant for that location and without proper identification of appellant as the party named on the arrest warrant. Second, appellant contends that the efforts of trial counsel to set up a defense that the drugs actually belonged to Rayburn demonstrates a lack of knowledge of the law on the part of trial counsel relating to possession of a controlled substance. This lack of knowledge, according to appellant's theory, is demonstrative of ineffective assistance of counsel as applicable to the case.

Turning to the question regarding the police officers' entry into the room and seizure of the cocaine, we note that the record is clear that the officers were at the motel room pursuant to an arrest warrant for appellant. Appellant did not challenge the arrest warrant at trial and has not challenged the validity of the arrest warrant in his brief. We are left with the conclusion that the arrest warrant was a valid arrest warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 15.01 (West 2015). So, to prevail on the current claim that trial counsel was ineffective because he did not challenge the seizure of the cocaine, appellant must prove that a motion to suppress would have been granted in order to satisfy the second prong of *Strickland. See Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam). Based upon the record before the Court, appellant could not prevail if such a motion had been filed. The record is clear that the

officers were executing a warrant for the arrest of appellant. Prior to knocking on the door at the motel room, the picture of appellant had been displayed on McCarrell's in-car computer. In the picture, certain distinctive tattoos were visible. When appellant answered the door in the nude, he was first recognized from his picture but he was also recognized from his tattoos. Accordingly, the officers had the right to take him into custody pursuant to the warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 15.01. Upon entering the motel room to clothe appellant and take him into custody, the cocaine was visible in plain view on the bed and on the night table adjacent to the bed. *See Walter v. State,* 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). We find no merit in the first alleged incident of ineffective assistance of counsel.

The next part of trial counsel's representation that appellant contends falls below the objective standard of reasonableness deals with trial counsel's attempt to lay ownership of the cocaine on Rayburn. Appellant's theory is that, because possession has been defined as knowing care, custody, or control, said possession can be joint. *See Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). This, according to appellant's theory, demonstrates that trial counsel was not familiar with the law and thus was ineffective.

While the proposition may sound as if it has merits, it suffers from two major flaws. First, it ignores the facts of the case regarding the discovery of the contraband pursuant to an arrest warrant for appellant. As we described above, an attempt to suppress the seizure would not have been successful. The second flaw is more telling in the arena of ineffective assistance of counsel claims. There is nothing in the record

8

to establish the exact strategy trial counsel was attempting to pursue by presenting Rayburn as the primary culpable individual.

When reviewing claims of ineffective assistance of counsel, we must be highly deferential and there is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. Additionally, claims of ineffective assistance of counsel must be firmly rooted in the record and the record must affirmatively demonstrate the meritorious nature of the claim. *Goodspeed,* 187 S.W.3d at 392.

There was no motion for new trial hearing where appellant's claims of ineffective assistance of counsel were tested with trial counsel being given the opportunity to explain the strategy they were pursuing. *See id.* We, therefore, do not know what strategy trial counsel had in mind. A record such as this, that is, one that is silent about trial counsel's reasons for his actions is insufficient to overcome the presumption that counsel's actions were the product of reasonable professional judgment. *See Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). We find no merit in appellant's second claim of ineffective assistance of counsel during the guilt-innocence phase of the trial.

Having reviewed both of appellant's claim of ineffective assistance of counsel during the guilt-innocence phase of the trial and finding them unpersuasive, we overrule appellant's first issue.

Punishment Phase

Appellant contends that trial counsel was ineffective during the punishment phase for several reasons. First, appellant contends that trial counsel's actions were ineffective when counsel failed to object to the State's exhibits regarding the previous felony convictions of appellant. Next, appellant complains that trial counsel did not file any objections to or request a hearing on the fingerprint expert. Finally, appellant contends that the failure to call any witnesses during the punishment phase was ineffective assistance.

Turning to appellant's first contention, in fact, trial counsel voiced several procedural objections to the testimony of the expert witness, Peeples, based upon the proper foundation having not been established. When the proper foundations were established and the two exhibits were offered into evidence, trial counsel said "I don't have an objection." Appellant contends that, after he had pleaded not true to the enhancement allegations and after trial counsel had pointed out the flaws in the evidence of the previous convictions, trial counsel then waived any error by his statement about not having any objections to the exhibits. Appellant misreads the record because, as stated above, the original objections were procedural in nature about the proper foundation or predicate not having been set forth for the introduction of the exhibits. These objections were corrected in the testimony of the expert and then the exhibits were offered into evidence.

Moreover, the true flaw in appellant's contention arises from a lack of any explanation on the part of appellant about why these exhibits were not admissible. As

we pointed out in the previous discussion, to sustain appellant's contention that is centered on the admissibility of the exhibits, there must be a showing that such an objection was well founded. *See Rivers v. State,* No. 07-06-00058-CR, 2008 Tex. App. LEXIS 1356, at *14 (Tex. App.—Amarillo Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (failure to object to punishment exhibits). As applied to the facts before us, there is nothing in the record to support the proposition that the exhibits would not have been admitted. *See Goodspeed,* 187 S.W.3d at 392.

Appellant next complains that his trial counsel filed no objection to, nor requested a hearing out of the presence of the jury regarding, the qualifications of the fingerprint expert. A review of the record demonstrates that the expert, Peeples, had many years of experience and considerable training in the area of fingerprint comparison. Further, Peeples testified about the procedure of taking a known print and comparing it to an unknown print at considerable length. As the State suggests, any action regarding attempting to discredit Peeples could have been viewed as "grasping at straws." More importantly, the record provides us with no guidance about what trial counsel's strategy was in not attacking Peeples or his qualifications. *See id.* When we apply the presumption that trial counsel's actions were reasonable, we are left with nothing in the record to overcome that presumption. *See Rylander,* 101 S.W.3d at 110-11.

Finally, appellant faults trial counsel for not calling any witnesses during the punishment phase of the trial proceeding. The failure to call witnesses on behalf of a criminal defendant can constitute ineffective assistance. *See Rivers,* 2008 Tex. App. LEXIS 1356, at *14-15. However, there must be a showing that potential defense witnesses were available and that their testimony would have benefited appellant. *See*

11

*Rodriquez v. State,* 74 S.W.3d 563, 566 (Tex. App.—Amarillo 2002, pet. ref'd) (citing *Wilkerson v. State,* 726 S.W.2d 542, 550-51 (Tex. Crim. App. 1986)). Inasmuch as we have no such demonstration regarding who the potential witnesses were, whether they were available, and what their testimony would have been, we do not find appellant's trial counsel provided ineffective assistance of counsel by failing to call any punishment witnesses. *See id.*

Having determined that each of appellant's allegations regarding ineffective assistance of counsel during the punishment stage of the trial were not sustainable, we overrule appellant's second issue.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.